STATE

v.

Raymond S. DeBARROS.

No. 88–101–C.A.

Supreme Court of Rhode Island.

April 19, 1989.

James E. O'Neil, Atty. Gen., Annie Goldberg, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument April 3, 1989, pursuant to an order that had directed both parties to appear and show cause why the issues raised by this appeal should not be summarily decided.

This case arose out of the appeal of defendant, Raymond S. DeBarros, from a

judgment of conviction for robbery of a Cumberland Farms convenience store on October 11, 1982. At the trial in the Superior Court defendant had asked for a continuance in order that he might present a witness, Dr. Karoly Kun, a physician employed by the Adult Correctional Institutions who had examined him on October 15, 1982. One of the crucial issues in the case was a factual determination of whether defendant was capable of brisk walking or running without a noticeable limp that would have been observed by witnesses to the robbery.

After hearing oral argument in support of the principal appeal, we remanded the case to the Superior Court for an evidentiary hearing in order to determine what Dr. Kun's testimony would have been in the event that defendant had been given a continuance in order to present the doctor as a witness.

The remand hearing was held February 15, 1989. In the course of that hearing Dr. Kun testified that at the time of the robbery Mr. DeBarros was suffering from a condition diagnosed as "foot drop" (peroneus foot drop) as a result of an earlier bicycle accident. The doctor further testified that this condition would not prevent DeBarros from walking or running but that it would have caused DeBarros to walk or run with a "noticeable limp."

Since this was an issue of considerable importance as a result of the testimony in the case, from witnesses of both the prosecution and the defense, we are of the opinion that Dr. Kun's testimony would have been a significant factor in the determination of the trier of fact in respect to defendant's guilt or innocence.

Consequently the failure of the trial justice to allow a reasonable continuance for the presentation of Dr. Kun constituted prejudicial error.

Therefore, the conviction of the defendant is hereby vacated, and the papers in the case are remanded to the Superior Court for a new trial.